**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SONNY PERDUE, Secretary of Agriculture, and UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendants. | Civil Action No. 17-2252 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## PRELIMINARY STATEMENT

1.     This Court previously entered a judgment against the United States Department of Agriculture (USDA) holding the agency violated the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), when it denied the Animal Legal Defense Fund's (ALDF) request to intervene in an enforcement action regarding Cricket Hollow Animal Park (Cricket Hollow). This Court held that ALDF was an interested person under the APA, vacated the Judicial Officer's order, and remanded the matter back to the agency to determine whether ALDF's intervention would "impede the orderly course of public business." *Animal Legal Def. Fund v. Vilsack*, 237 F.Supp.3d 15, 24 (D.D.C. 2017).

2.     On remand, the USDA repeated its mistake and again violated by APA by continuing to refuse ALDF's intervention. The USDA reached this decision notwithstanding the fact that the record demonstrates ALDF's expertise and organizational investment in Cricket Hollow—efforts that started nearly five years ago in 2013 when ALDF became aware of the chronic animal welfare problems there—including three other Cricket Hollow-related lawsuits filed by ALDF on a variety of substantive bases.

3.     Those lawsuits demonstrate ALDF has a unique ability to procure evidence and argument in the administrative proceeding to fill the many gaps left open by the USDA's inadequate enforcement efforts. ALDF sought the right to contribute to future briefing, hearings, settlement, and appellate processes, for example by procuring additional evidence of Animal Welfare Act violations and advocating that Cricket Hollow's animals be removed to a sanctuary.

4.     The conclusion that ALDF's intervention would benefit the proceedings is further demonstrated by the fact that as a result of ALDF's litigation efforts—not that of any regulatory agency—a judge in the Northern District of Iowa ordered protected animals *removed* from Cricket Hollow's possession after concluding that Cricket Hollow had been engaged in conduct amounting

to "pervasive, long-standing, and ongoing" violations of the Endangered Species Act that directly led to the deaths of numerous tigers, among other significant harms to other tigers and species. *Kuehl v. Sellner*, 161 F. Supp. 3d 678, 718 (N.D. Iowa 2016).[1].

5.       Nonetheless, intervention was denied on the basis that ALDF did not have any useful evidence or argument to assist in the administrative proceeding. The Judicial Officer again denied ALDF's motion to intervene, notwithstanding the determination that ALDF's interests were not adequately represented by the other parties. The Judicial Officer asserted that ALDF could not submit evidence of Animal Welfare Act violations or argument about relocating the animals to sanctuaries that would be useful, relevant, or helpful to the decision maker. The Judicial Officer also concluded that ALDF's intervention would necessarily cause a delay and increase the cost of the proceeding, without considering ways to limit the scope of ALDF's intervention to address those concerns.

6.       The Judicial Officer's rationale unjustly deprives ALDF of the right to participate in an administrative proceeding that significantly impacts the organization, and effectively negates the ability of any third-party to intervene in support of administrative proceedings – the very reason this Court previously granted judgment to ALDF. As such, once again, the USDA Judicial Officer's order was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of the procedural requirements of the APA, 5 U.S.C. §§ 555 and 706(2), and ALDF respectfully requests that this Court again enter an order requiring that USDA comply with its statutory obligations.

---

[1] The trial court's judgment is subject to a pending appeal in the Eighth Circuit that was argued on October 19, 2017. *See Kuehl v. Sellner*, Appellate Case Nos. 16-1624 and 16-3147 (8th Cir.).

**JURISDICTION AND VENUE**

7.      ALDF seeks review of a final order of the USDA's Judicial Officer pursuant to the Administrative Procedure Act, 5 U.S.C. § 704, and USDA regulations, 7 C.F.R. § 1.142(c)(4).

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1361 because ALDF alleges violations of federal law. This action constitutes a case and controversy under the APA. 5 U.S.C. §§ 551 *et seq*.

9.      Pursuant to 28 U.S.C. §§ 2201-02, the Court is authorized to provide declaratory and injunctive relief. Federal Rule of Civil Procedure 65 and the APA, 5 U.S.C. § 706, further authorize the Court to provide injunctive relief.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1) because one Defendant is a federal agency headquartered in the District of Columbia, and because the agency action that forms the basis of this Complaint took place in the District of Columbia.

11.     In limited situations, the Animal Welfare Act authorizes direct review by the United States Court of Appeals. A Court of Appeals will review an order that aggrieves "any dealer, exhibitor, research facility, intermediate handler, carrier, or operator of an auction sale." 7 U.S.C. § 2149(c). ALDF does not fit within any of the categories identified in section 2149(c), and, therefore, seeks judicial review by this Court under the general jurisdiction and venue statutes.

**PARTIES AND STANDING**

12.     Plaintiff Animal Legal Defense Fund is a national non-profit organization headquartered in Cotati, California, with more than two hundred thousand members and supporters. ALDF pursues its mission of safeguarding animal welfare by advocating against cruelty and needless harm to animals and by advocating for the protection of animals used in commercial enterprises. ALDF frequently focuses on animal husbandry practices and the confinement of animals used for entertainment and exhibition purposes.

13.     ALDF is a "person" within the meaning of the APA, 5 U.S.C. § 551(2), which defines "person" to include any "individual, partnership, corporation, association or public or private organization other than an agency."

14.     ALDF has expended significant organizational resources on advocacy and public education efforts to improve the welfare of animals held in captivity, particularly the animals held for exhibition and entertainment at Cricket Hollow.

15.     ALDF has acquired a large amount of information about the treatment of the animals at Cricket Hollow.

16.      ALDF brings this action on behalf of its members, who enjoy observing, interacting with, and otherwise enjoying animals at Cricket Hollow. These interests are harmed by the USDA's unlawful decision to completely exclude ALDF from participating in the USDA license adjudication proceeding against Cricket Hollow, which will affect how, or whether, Cricket Hollow will continue to exhibit the animals at the facility. Cricket Hollow's treatment of the animals will, in turn, affect the demeanor, behavior and condition of the animals at the facility, and ALDF and its members' ability to enjoy viewing the animals.

17.     ALDF's members' aesthetic, emotional, and educational interests in the animals at Cricket Hollow will be redressed if it prevails in this case, because ALDF will be able to present credible and relevant information about Cricket Hollow. If ALDF prevails, it will have the opportunity to submit information to the USDA in order to persuade the agency to require that Cricket Hollow no longer exhibit the animals at Cricket Hollow and transfer the animals to another facility that will treat the animals more humanely.

18.    Defendant United States Department of Agriculture (USDA) is a federal agency headquartered in Washington, D.C. The USDA is tasked with administering and enforcing the Animal Welfare Act.

19.    Defendant Sonny Perdue ("the Secretary") is sued in his official capacity as the Secretary of the USDA. The Secretary is the federal official who bears ultimate responsibility for implementation of the Animal Welfare Act, including the administration of administrative proceedings against licensed exhibitors. In his official capacity, the Secretary resides in Washington, D.C. All references to "USDA" should also be construed as references to the Secretary.

## LEGAL BACKGROUND

### ANIMAL WELFARE ACT

20.    The Animal Welfare Act's stated purpose is "to insure that animals intended for use in research facilities or for exhibition purposes or for use as pets are provided humane care and treatment." 7 U.S.C. § 2131(1).

21.    The Animal Welfare Act authorizes the Secretary to establish a licensing system for animal exhibitors and to set minimal animal husbandry standards for compliance. *Id*. §§ 2133, 2143.

22.    Administrative proceedings concerning a facility's compliance with Animal Welfare Act standards must occur "on the record." *Id*. § 2149. The statute does not require the proceedings to occur "on the record, after opportunity for an agency hearing," pursuant to 5 U.S.C. § 554(a). The Animal Welfare Act, therefore, does not require the USDA to proceed via formal adjudication. *See Izaak Walton League v. Marsh*, 655 F.2d 346, 361 (D.C. Cir. 1981).

23.    The Animal Welfare Act is silent on the subject of intervention in administrative proceedings.

24.     The Animal Welfare Act permits the Secretary "to promulgate such rules, regulations, and orders as he may deem necessary in order to effectuate the purposes of this chapter. 7 U.S.C. § 2151.

25.     The Secretary relies on the USDA's Rules of Practice to govern Animal Welfare Act adjudications. 7 C.F.R. §§ 1.130 – 1.175. The Rules of Practice are titled, in entirety, "Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary under Various Statutes." *Id.*

26.     The Rules of Practice explicitly provide that "any motion will be entertained other than a motion to dismiss on the pleading." 7 C.F.R. § 1.143(b).

27.     The Rules of Practice do not expressly discuss intervention, but do allow for third party participation. *E.g.*, *id.* §§ 1.133(a), 1.141(b) n.2, 1.141(h)(4), 1.147(a).

### ADMINISTRATIVE PROCEDURE ACT

28.     The Administrative Procedure Act establishes the procedural requirements for agency conduct unless otherwise specified by statute. 5 U.S.C. §§ 551-559.

29.     In informal adjudicatory proceedings, the APA requires that, "[s]o far as the orderly conduct of business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function." *Id.* § 555(b).

30.     This District Court held in the previous intervention lawsuit that ALDF is an "interested person" under 5 U.S.C. § 555(b).

31.     As the D.C. Circuit has explained, interested parties must be allowed to meaningfully participate in proceedings except to the extent that participation interferes with the orderly conduct of public business: "compliance with [5 U.S.C. § 555(b)]'s directive at minimum

requires agency action designed to accommodate the legitimate interests of would-be intervenors with the need for orderly administrative process." *Nichols v. Board of Trustees*, 835 F.2d 881, 899 (D.C. Cir. 1987); *see also Vilsack*, 237 F.Supp.3d at 24.

## FACTUAL BACKGROUND

32.     Each and every allegation above is incorporated herein by reference.

33.     Cricket Hollow is a roadside menagerie with a long history of violating the Animal Welfare Act. Violations of Animal Welfare Act standards have persisted for over a decade, during which time animals at Cricket Hollow have suffered and died from substandard conditions.

34.     ALDF brought two Endangered Species Act lawsuits against Cricket Hollow based on the inhumane conditions there. On February 11, 2016, the Northern District of Iowa issued a post-trial order in the first of these lawsuits, and required that Cricket Hollow surrender three lemurs and four tigers. In so ruling, the trial court concluded that Cricket Hollow had been engaged in conduct that amounted to "pervasive, long-standing, and ongoing" violations of the Endangered Species Act that directly led to the deaths of numerous tigers, among other significant harms to other tigers and lemurs. *Kuehl v. Sellner*, 161 F. Supp. 3d 678, 718 (N.D. Iowa 2016).

35.     On July 29, 2016, ALDF and Cricket Hollow entered into a settlement in the second of these lawsuits requiring the facility to surrender two African lions to a sanctuary.

36.     USDA's Animal and Plant Health Inspection Service (APHIS) has acknowledged Cricket Hollow's persistent violations. APHIS Western Regional Director Robert Gibbens wrote in 2006 that "it is clear that there is a chronic management problem at the facility, and for whatever reason, the [Cricket Hollow owners] either do not understand the regulations, are not willing to comply, or are not able to comply." Six years later, in 2012, Gibbens wrote again that Cricket Hollow "has been in chronic non-compliance since July 2010." And in 2014, APHIS Administrator

Kevin Shea wrote that since 2013, the agency found "numerous noncompliances" during its inspections of Cricket Hollow.

37.     ALDF repeatedly raised its concerns about Cricket Hollow to the USDA, only to have its efforts rebuffed at every turn.

38.     On August 25, 2014, ALDF brought a lawsuit challenging the USDA's annual reissuances of Cricket Hollow's license despite the agency's knowledge of the facility's noncompliance with the Animal Welfare Act. The United States Court of Appeal for the District of Columbia recently held that these license reissuances may be arbitrary and capricious, and remanded back to the District Court to determine whether the USDA violated the APA by reissuing Cricket Hollow's license. *Animal Legal Def. Fund, Inc. v. Perdue*, 872 F.3d 602 (D.C. Cir. 2017).

39.     Meanwhile, on July 30, 2015, APHIS instituted an administrative licensing proceeding against Cricket Hollow. APHIS's administrative complaint alleges that Cricket Hollow repeatedly violated numerous Animal Welfare Act standards.

### USDA'S FIRST ORDER DENYING ALDF'S MOTION TO INTERVENE

40.     ALDF first moved to intervene in the administrative proceeding on October 28, 2015, after the USDA rejected ALDF's offer to share evidence obtained in the Endangered Species Act litigation.

41.     The USDA Administrative Law Judge denied the motion to intervene in a brief order on December 20, 2015. The Judge reasoned that "[Enforcement] authority rests solely with the Secretary, and [ALDF's] presence in the case would represent interference with that authority." The Judge also stated that "the viewpoints and positions of a non-party are not relevant to the ultimate findings of fact and conclusions of law," and, therefore, ALDF could not be an intervenor party.

42.    On February 4, 2016, ALDF appealed the Judge's determination to the Judicial Officer, the USDA appellate body.

43.    On March 14, 2016, the USDA's Judicial Officer denied ALDF's appeal. The Judicial Officer determined that he "would deny [ALDF's] Appeal Petition because the appearance of [ALDF] in this proceeding would disrupt the orderly conduct of public business" because ALDF's interest extends "beyond the scope of the proceeding."

44.    The Judicial Officer did not consider limiting the scope of ALDF's participation in the proceeding as an intervenor or interested third party.

45.    On February 15, 2017, this Court vacated the Judicial Officer's order. This court recognized that due to ALDF's investment in Cricket Hollow, concern about captive animals generally, and concern about animals at Cricket Hollow specifically, that ALDF was both an "interested party" and that its interests were aligned within the scope of the administrative proceeding. *Animal Legal Def. Fund v. Vilsack*, 237 F.Supp.3d 15, 21-24 (D.D.C. 2017).

46.    This Court then remanded the matter back to the USDA to determine whether ALDF's participation would disrupt the orderly conduct of public business. *Id*. at 25.

47.    This Court's opinion specifically identified several factors from circuit precedent to determine whether intervention would disrupt the orderly conduct of public business:

> [i] the nature of the contested issues; [ii] the prospective intervenor's precise interest; [iii] the adequacy of representation provided by the existing parties to the proceeding; [iv] the ability of the prospective intervenor to present relevant evidence and argument; [v] the burden that intervention would place on the proceedings; and [vi] the effect of intervention on the agency's mandate.

*Id*. at 24, *citing Nichols v. Bd. of Trustees of Asbestos Workers Local 24 Pension Plan*, 835 F.2d 881, 897 n.115 (D.C. Cir. 1987).

48.     This Court specifically instructed that "[s]hould the agency here find that some degree of participation by ALDF would be consistent with the 'orderly conduct of public business,' it may reasonably limit and direct the manner of that participation…." *Id.*

### USDA's Second Order Denying ALDF's Motion to Intervene

49.     The USDA held a multi-day evidentiary hearing in the Cricket Hollow administrative proceeding in January 2017, less than one month before this Court vacated and remanded the USDA's first order denying ALDF's motion to intervene.

50.     On February 22, 2017 – seven days after this Court's order – ALDF sent a letter to USDA asking for a prompt decision on its intervention motion in time to submit post-hearing briefs on the same schedule as APHIS, due April 5, 2017, and May 19, 2017. Specifically, ALDF asked for the right to intervene to submit supplementary evidence of Cricket Hollow animal deaths and arguments advocating for animal disposition to a sanctuary should the agency revoke Cricket Hollow's license.

51.     The USDA did not immediately act on ALDF's letter despite the fact that post-hearing briefs were scheduled to be submitted on April 5, 2017, through May 19, 2017. Consequently, ALDF filed a motion to compel compliance with this Court's order on March 10, 2017. This Court denied ALDF's motion to compel on March 22, 2017. This Court observed that ALDF could petition to reopen an evidentiary hearing at a later date and present relevant arguments by submitting briefs in any subsequent appellate proceedings before the agency.

52.     On April 25, 2017, the USDA Judicial Officer first acted on the remanded intervention motion by holding a conference call between the parties to discuss how to move forward. ALDF expressed a desire for the agency to decide the motion based on arguments already

submitted. Ultimately, the Judicial Officer set a briefing schedule of May 30, 2017, for initial cross-briefs by all parties, and June 7, 2017, for cross-reply briefs.

53.     In its briefs, ALDF articulated several key points in support of its motion to intervene, including the ability to proffer relevant evidence of additional Animal Welfare Act violations, advocate for relocation of Cricket Hollow's animals to a sanctuary, submit briefing on appeal, and participate in any settlement proposals.

54.     ALDF emphasized that USDA does not adequately represent ALDF's interest because it refuses to accept ALDF's evidence of Animal Welfare Act violations and disclaims any authority to relocate animals to sanctuaries in connection with license revocation proceedings.

55.     ALDF further noted that in light of key divergences between itself and the USDA, that there was value to both ALDF and the decision-making process to participate in settlement discussions and any appellate process that may occur.

56.     On September 1, 2017, the Judicial Officer rejected ALDF's arguments, and issued an order denying ALDF's motion to intervene.

57.     The Judicial Officer conceded that ALDF's interest in the administrative proceeding is not represented by any of the present parties, and that ALDF's intervention would not impair the USDA's mandate under the Animal Welfare Act. Nonetheless, the Judicial Officer denied ALDF's motion to intervene on the basis that:

> due to the limited nature of the proceeding and contested issues, ALDF's appearance would not be useful[;] ALDF is not able to present relevant evidence and argument[;] ALDF is not able to assist the decision maker[;] ALDF's intervention would delay the final disposition of this proceeding and increase the cost of this proceeding.

58.    The Judicial Officer's order denying ALDF's motion to intervene acknowledged that USDA does not adequately represent ALDF's interests, but concluded that ALDF's presentation of argument and evidence would not be useful, relevant, or helpful to the decision maker.

59.    The Judicial Officer further concluded that ALDF's intervention would delay the final disposition and increase the cost of the administrative proceeding. In support of this conclusion, the Judicial Officer presumed that ALDF would be reopening the proceeding to present additional evidence. The Judicial Officer did not consider whether ALDF's participation in future motion practice, settlement negotiations, or administrative appeal briefing would delay and increase the cost of the administrative proceeding.

60.    The Judicial Officer did not discuss the option of granting ALDF's motion to intervene with limitations tailored to address any of the concerns it articulated.

## CLAIM FOR RELIEF

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

61.    Each and every allegation set forth above is incorporated herein by reference.

62.    ALDF demonstrated a concrete and substantial interest in the animals at Cricket Hollow, sufficient to receive recognition from this District Court that ALDF is an "interested person" under 5 U.S.C. § 555(b) regarding the Cricket Hollow enforcement action proceeding. *Vilsack*, 237 F.Supp.3d at 21-22.

63.    Nonetheless, the Judicial Officer ruled that ALDF's participation would interfere with the "orderly conduct of public business," 5 U.S.C. § 555(b), and denied ALDF the right to participate in any way whatsoever in the Cricket Hollow enforcement action.

64.    In finding that ALDF's participation would interfere with the orderly conduct of public business, the Judicial Officer determined that ALDF's participation and presentation of

argument and evidence would not be useful, relevant, or helpful to the decision maker. The Judicial Officer further concluded that ALDF's intervention would delay the final disposition of this proceeding and increase the cost of this proceeding.

65.    The Judicial Officer's order denying ALDF's motion to intervene was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of the APA.

66.    The Judicial Officer erroneously determined that ALDF's presentation of its differing viewpoints would not be useful, relevant, or helpful to the decision maker, despite acknowledging that ALDF held distinct views in the administrative proceeding that were not adequately represented by USDA or Cricket Hollow.

67.    The Judicial Officer further erred by concluding that ALDF's participation would delay and increase the cost of the proceeding. In justifying this conclusion, the Judicial Officer presumed that ALDF would reopen the proceedings to submit new evidence of animal deaths and other animal welfare issues at Cricket Hollow. However, ALDF did not petition to reopen the proceedings in the motion to intervene – ALDF simply articulated its desire as an intervenor to petition to reopen the proceedings in the future if warranted by the circumstances.

68.    Even assuming that ALDF's desire to submit new evidence of animal deaths constitutes a burden on the agency, the Judicial Officer further erred by failing to consider whether ALDF's participation in other ways such as future motion practice, hearings, appeal, or settlement would delay or increase the cost of the proceedings.

69.    To the extent that ALDF's participation could delay or increase the cost of the proceeding, the Judicial Officer erred again by absolutely denying ALDF's motion to intervene rather than granting that motion with limitations tailored to address its concerns. This court

specifically invited the agency to consider an order granting limited intervention rights. *Vilsack*, 237 F.Supp.3d at 24.

70.     Thus, by concluding that ALDF's participation would disrupt the "orderly conduct of public business," the Judicial Officer's decision was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of the APA. 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Animal Legal Defense Fund requests that this Court:

1.     Declare, pursuant to 28 U.S.C. § 2201, that Defendants violated 5 U.S.C. § 555(b) by prohibiting ALDF's participation in the administrative proceeding against the Cricket Hollow Zoo, AWA Docket Nos. 15-0152 – 0155;

2.     Order the Defendants to enter an order recognizing ALDF as a party intervenor in the USDA's administrative proceeding against Cricket Hollow, AWA Docket Nos. 15-0152 – 0155;

3.     Order the Defendants to allow ALDF to fully participate in future hearings, motion practice, appeals, and settlement process with the right to petition to reopen the proceedings in the USDA's administrative proceeding against Cricket Hollow, AWA Docket Nos. 15-0152 – 0155;

4.     Award ALDF its reasonable attorney fees and costs in this action;

5.     Grant ALDF such other and further relief the Court may deem just and proper.

Respectfully submitted,

DATED: October 31, 2017          By:     */s/ Cristina Stella*
                                         Cristina Stella (D.D.C. Bar No. CA00012)
                                         cstella@aldf.org
                                         Animal Legal Defense Fund
                                         525 E. Cotati Ave.
                                         Cotati, CA 94931
                                         T: (707) 795-2533
                                         F: (707) 795-7280

                                         Christopher A. Berry (CA Bar No. 283987)
                                         cberry@aldf.org
                                         Animal Legal Defense Fund
                                         525 E. Cotati Ave.
                                         Cotati, CA 94931
                                         T: (707) 795-2533 ext. 1041
                                         F: (707) 795-7280
                                         *Pro hac vice motion pending*

                                         **Attorneys for Plaintiff**